# Beck *v.* Dech, Appellant.

*Church law—Joint ownership of property by two congregations— Trusts and trustees—Corporations.*

Where the possession and management of the joint property of two religious corporations are by their charters and agreement vested in trustees, who are the directors of the corporations, a committee appointed at a meeting of the members of the two congregations has no authority to erect a building on the joint property in opposition to the will of the trustees.

Argued March 6, 1911. Appeal, No. 242, Jan. T., 1910, by defendants, from decree of C. P. Northampton Co., Dec. T., 1909, No. 2, on bill in equity in case of William F. Beck et al. v. Erwin J. Dech et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before STEWART, J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree awarding injunction.

*John D. Hoffman,* for appellants.

*Calvin F. Smith,* of *Smith, Paff & Laub,* with him *Thomas D. Danner* for appellees.

PER CURIAM, May 17, 1911:
The findings of fact which cover twenty-five pages of the record, may in so far as they are material in considering the question raised by the appeal be stated in as many lines. Two unincorporated religious associations became the owners for their joint use of a tract of land on which a church was erected. They adopted rules for the management of the joint property which provided for the election by each annually of trustees and that "Should it become

necessary to build a school house or to improve such a building it shall become the duty of both congregations to jointly build or maintain it." Subsequently each association was incorporated and by the charter of each the management of the corporation was vested in a board of four trustees, and rules were adopted which left unaltered the power and authority of the trustees. In 1908, a movement was started to erect a Sunday school building and the trustees of both churches, acting jointly, called a congregational meeting to ascertain the opinion of the members in regard to the movement, at which meeting it was resolved to procure plans and solicit subscriptions. Other meetings were called in 1909, and it was found the building and improvements would cost about $12,000, and that the subscriptions were less than $4,000. The trustees then decided that it was inexpedient to build. When their action became known, a joint meeting of the congregations was called, at which there was an attendance of seventy-five members out of a total membership of 800, and it was decided to ignore the action of the trustees and to proceed to build, and a building committee was appointed to erect a building. This bill was filed by the trustees of both corporations to restrain the building committee from interfering with the joint property.

The conclusion of law by the court was that the possession and management of the joint property of the corporations was by their charters and agreement vested in the trustees, who were the directors of the corporations, and that a committee appointed at a meeting of members of the congregations was without authority to erect a building. An injunction was accordingly issued. This finding is so manifestly correct, that discussion of it is needless.

The decree is affirmed at the cost of the appellant.